UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD L. SMITH,

                Plaintiff,

      v.

HAWKINS, et al.,

                Defendants.

No.  2:14-cv-2222-KJM-EFB P

SCREENING ORDER AND ORDER GRANTING IFP; FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR INJUNCTIVE RELIEF BE DENIED

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and a motion for injunctive relief.[1]

I.    **Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] The court previously issued findings and recommendations to dismiss this action after plaintiff failed to file a complaint in accordance with a court order.  Plaintiff has now complied with that order and those findings and recommendations will therefore be vacated.

1

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

### III.   Screening Order

The complaint names Dr. Hawkins, Chief Medical Officer Smith, the Pain Committee, Mule Creek State Prison, and Dr. Brahbah as defendants.  Plaintiff alleges he has HIV and bladder cancer, accompanied by neuropathy and pain.  On January 27, 2014, an HIV specialist allegedly ordered a specific pain medication and treatment plan for plaintiff, but Dr. Hawkins allegedly interfered with that plan by "falsely diagnosing" plaintiff and falsely claiming that plaintiff had refused to be interviewed as part of an appeal plaintiff was pursuing.  After plaintiff filed the appeal against Dr. Hawkins, Dr. Hawkins allegedly retaliated against plaintiff by continuing to interfere with and deny plaintiff any treatment for his pain.  Plaintiff claims that CMO Smith allowed subordinates to "choose which Dr reports can and will be accepted," which rendered plaintiff's pain treatment ineffective.  Plaintiff also claims that Mule Creek State Prison "has failed to treat the pain and safety," and "violated the Fourteenth Amendment to life."  In an unrelated claim, plaintiff alleges he suffers from post-traumatic stress disorder as a result of being stabbed eight times.  He claims that defendant Brahban put his safety at risk by stating that plaintiff does not suffer from post-traumatic stress disorder.

For the limited purposes of § 1915A screening and liberally construed, the complaint states a potentially cognizable First Amendment retaliation and Eighth Amendment deliberate indifference to medical needs claims against defendant Hawkins.  However, the complaint fails to state a claim against Chief Medical Officer Smith, the Pain Committee, and Mule Creek State Prison, and the claims against Dr. Brahbah appear to be improperly joined.  Claims against these defendants are therefore dismissed with leave to amend.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

3

(9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

4

1    Plaintiff fails to state a claim against defendant CMO Smith because the complaint does

2    not include any factual allegations linking him to a violation of a federal constitutional or

3    statutory right.  The alleged supervisory role of Smith, as Chief Medical Officer, is not a proper

4    basis for liability.

5    In addition, the "Pain Committee" is not a proper defendant because the committee itself

6    is not a "person acting under color of state law" and plaintiff may not bring suit against unnamed

7    defendants.  If plaintiff wishes to name an individual member of the committee as a defendant, he

8    must identify that individual by name and allege that the individual personally participated in the

9    violation of a federal constitutional or statutory right.

10   Mule Creek State Prison is also not a "person" subject to a § 1983 lawsuit.  Moreover,

11   state agencies, such as CDCR and its prisons, are immune from suit under the Eleventh

12   Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't*

13   *of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth

14   Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh

15   Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)

16   (Eleventh Amendment immunity extends to state agencies).

17   Lastly, the claim against defendant Brahbah appears to be completely unrelated to the

18   claims against defendant Hawkins.  The claims against Hawkins and Brahbah could not all be

19   properly joined together in a single action, as they involve discrete events that do not arise out the

20   same occurrence and involve a common question of law or fact.[2]  *See* Fed. R. Civ. P. 20(a)(2).

21   /////

22   /////

23

24   [2] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . .
     may join, [] as independent or as alternate claims, as many claims . . . as the party has against an

25   opposing party.'  Thus multiple claims against a single party are fine, but Claim A against
     Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

26   against different defendants belong in different suits, not only to prevent the sort of morass [a
     multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

27   required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits
     or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C.

28   § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

1    Plaintiff is granted leave to amend his claim against defendant Brahbah, only if he can cure these

2    defects.  Otherwise, plaintiff must pursue his claim against Brahbah in a separate action.

3           Accordingly, plaintiff may either proceed only on the First Amendment and Eighth

4    Amendment claims against defendant Hawkins, or he may amend his complaint to attempt to cure

5    the deficiencies in his claims against the other named defendants.  Plaintiff is not obligated to

6    amend his complaint.

7           Any amended complaint must cure the deficiencies identified above and also adhere to the

8    following requirements:

9           Any amended complaint must identify as a defendant only persons who personally

10   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

11   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

12   constitutional right if he does an act, participates in another's act or omits to perform an act he is

13   legally required to do that causes the alleged deprivation).

14          It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

15          Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*

16   *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

17          Any amended complaint must be written or typed so that it so that it is complete in itself

18   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

19   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

20   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

21   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

22   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

23   1967)).

24          The court cautions plaintiff that failure to comply with the Federal Rules of Civil

25   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

26   *See* E.D. Cal. Local Rule 110.

27   /////

28   /////

1    **IV.    Motion for Injunctive Relief**

2         Plaintiff requests a temporary restraining order requiring that he receive the pain

3    medication that was ordered for him by the HIV specialist in January of 2014.  Plaintiff claims

4    that without the medication, he is in great pain.  He claims the pain prevents him from exercising,

5    limits his mobility, and puts his life in danger because he cannot defend himself.

6         A temporary restraining order may be issued upon a showing "that immediate and

7    irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

8    in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status

9    quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

10   longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). "The

11   standards for granting a temporary restraining order and a preliminary injunction are identical."

12   *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l

13   Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an

14   analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary

15   restraining order).

16        A preliminary injunction will not issue unless necessary to prevent threatened injury that

17   would impair the courts ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.

18   v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

19   F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

20   power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*,

21   326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a party

22   must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable

23   harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

24   injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.

25   2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has

26   also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing

27   the elements of the preliminary injunction test, so that a stronger showing of one element may

28   offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for Wild*

1    *Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions

2    going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support

3    issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *Id.*

4    In cases brought by prisoners involving conditions of confinement, any preliminary injunction

5    "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

6    requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18

7    U.S.C. § 3626(a)(2).

8            The merits of plaintiff claims against Dr. Hawkins are premised on the allegation that he

9    was deliberately indifferent to plaintiff's serious medical needs by failing to treat his pain and by

10   interfering with the pain medication plan that was ordered by the HIV specialist.  However,

11   plaintiff does not establish that he is likely to succeed on this claim and a preliminary injunction

12   requiring Mule Creek State Prison medical staff to provide him with a specific pain medication

13   must be denied.  Plaintiff's motion is not accompanied by a sworn declarations or any other

14   evidence establishing a likelihood of success in this action, or that the injunction sought is

15   necessary to preserve the court's ability to grant effective relief on his claim and that it is the least

16   intrusive means for doing so.  The allegations against Dr. Hawkins, while sufficient to meet the

17   liberal pleading requirements for stating a cognizable claim for relief, do not demonstrate that

18   plaintiff is being denied any form of pain management or that he will suffer irreparable harm

19   without the court's intervention.

20           Plaintiff also fails to present evidence establishing that the balance of equities tips in his

21   favor.  He claims the fact that he has had a chronic illness for nineteen years "outweighs any

22   unjustifiable acts presented by the Defendants."  ECF No. 12 at 1.  However, plaintiff does not

23   describe in any detail the purportedly "unjustifiable acts" or show how those act relate, if at all, to

24   his nineteen years of suffering.  There is also no showing that the requested injunctive relief is in

25   the public interest.  Thus, plaintiff has not made the showing required to meet his burden as the

26   party moving for preliminary injunctive relief, and his request must be denied.

27   /////

28   /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 8) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the CDCR filed concurrently herewith.

3. The November 18, 2014 findings and recommendations (ECF No. 16) are vacated.

4. The allegations in the pleading are sufficient at least to state potentially cognizable First Amendment retaliation and Eighth Amendment deliberate indifference to medical needs claims against defendant Hawkins. The remaining claims and defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the December 24, 2014 complaint (ECF No. 19), one USM-285 form and instructions for service of process on defendant. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Hawkins will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

6. Failure to comply with this order may result in a recommendation that this action be dismissed.

Further, it is hereby RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

9

1   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

2   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:  April 27, 2015.

4

5                               EDMUND F. BRENNAN

6                               UNITED STATES MAGISTRATE JUDGE

10

1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   BERNARD L. SMITH,                        No.  2:14-cv-2222-KJM-EFB P

11              Plaintiff,

12        v.                                  NOTICE OF SUBMISSION OF
                                              DOCUMENTS
13   HAWKINS, et al.,

14              Defendants.

15

16        Plaintiff hereby submits the following documents in compliance with the court's

17   Screening Order:

18

19           ___1___        completed summons form

20           ___1___        completed forms USM-285

21           ___2___        copies of the endorsed December 24, 2014 complaint

22

23   Dated:

24

25                                        _____

26

27

28

                                   11