1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD L. SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>HAWKINS, et al.,<br><br>    Defendants. | No.  2:14-cv-2222-KJM-EFB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983, has filed a motion to use a fictitious name.  He also requests reimbursement of the filing fee in other, closed and dismissed cases.  ECF No. 24.  As explained below, plaintiff's motion is denied.

Plaintiff asks that the court rename "its databank of cases published under the name of Bernard L. Smith [to just] Smith."  ECF No. 24.  He asserts that the court is violating his right to privacy and safety by using his full name to identify cases which may reveal information about his medical status.  However, the very nature of plaintiff's allegations regarding his medical condition asserted in this and the other civil rights actions necessarily place plaintiff's medical condition at issue.  If plaintiff believes that his circumstances warrant he may, if he wishes, file an appropriate motion for a protective order in accordance with Local Rule 141.1.  Plaintiff is admonished however, that a protective order would merely govern the parties' use of protected

1

information and would not result in the sealing of any pleadings or exhibits filed in this action. Unless otherwise ordered by the court, all information provided to the court in a specific action is presumptively public. E.D. Cal. Local Rule ("Local Rule") 141.1(a)(1). Any motion for a sealing order must be directed to the district judge assigned to this case and must be filed in conformance with Local Rule 141 and shall address the legal standards applicable to such a motion. *See Press-Enterprises Co. v. Superior Court of Riverside County*, 464 U.S. 501, 509 (1984); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

Plaintiff also asks seeks "reimbursement" of the filing fees he has paid in "closed and dismissed cases," claiming that he should not be assessed any portion of the filing fee if his case gets dismissed. The request must be denied. Regardless of the results of his complaints, plaintiff remains obligated to pay the entire filing fee "in increments," *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015). This is so even if his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 18, 2015 motion (ECF No. 24) is denied.

DATED: October 8, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE