UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD SMITH,<br><br>              Plaintiff,<br><br>       v.<br><br>HAWKINS, et al.,<br><br>              Defendants. | No.  2:14-cv-2222-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Defendant Hawkins moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 28.  For the reasons that follow, the motion must be denied.

**I.     The Complaint**

In screening plaintiff's amended complaint, the court found that plaintiff appeared to state cognizable claims against defendant Hawkins for retaliation and deliberate indifference.  ECF No. 20 at 3.  These claims are premised on the following allegations of the complaint:

Plaintiff has suffered from HIV and bladder cancer for many years.  ECF No. 19 at 4.  He also suffers from neuropathy, which makes standing and walking for long periods of time difficult.  *Id.*  He has pain in his feet, hands, knees, elbows, and stomach.  *Id.*  The neuropathy causes pain so severe that, untreated, it prevents plaintiff from exercising, walking, and standing

1

for long periods of time. *Id.* at 6.  Plaintiff had been prescribed Gabapentin to treat his neuropathy by four different doctors. *Id.* at 4.

Plaintiff arrived at Mule Creek State Prison ("MCSP") on October 11, 2013. *Id.*  On January 27, 2014, an HIV specialist named Dr. Robert Rudas re-ordered Gabapentin for plaintiff at the rate of 1200 milligrams three times per day for one year. *Id.*  On April 24, 2014, however, defendant Hawkins, a doctor at MCSP, discontinued the prescription and allegedly denied any other pain treatment to plaintiff. *Id.* at 5.  Hawkins allegedly did so to retaliate against plaintiff for saying that Hawkins knew nothing about HIV, bladder cancer, and neuropathy pain and for filing a complaint against Hawkins with the state medical board. *Id.*  Plaintiff claims that Hawkins thereafter refused to see plaintiff, except for an appeal interview. *Id.*

Plaintiff allegedly suffered so much pain as a result of Hawkins' actions that he went "man down" on June 15, 2014 so that he could see Dr. Rudas. *Id.* at 6.  He learned, however, that Hawkins and others had removed him from Rudas's care. *Id.*

## II.     The Motion to Dismiss

### A.  Rule 12(b)(6) Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007)  (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B. <u>Analysis</u>**

Hawkins argues that plaintiff has failed to state a viable claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution.[1] The

---

[1] Hawkins does not address plaintiff's retaliation claim in the instant motion. ECF No. 28-1 at 7 n.3.

3

Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000) (quotations and citations omitted).

To state an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must allege that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. A deliberately indifferent response may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care was provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Thus, a defendant will be liable for violating the Eighth Amendment if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

A plaintiff does not have to establish that the defendant care provider totally failed to treat him to show an Eighth Amendment violation, but must show wrongdoing amounting to more than medical negligence. *Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of

4

mind more blameworthy than negligence."); *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).   In addition, mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  On the other hand, a failure to provide access to medical staff that is competent to render care may constitute deliberate indifference in a particular case.  *Ortiz*, 884 F.2d at 1314 ("[A]ccess to medical staff is meaningless unless that staff is competent and can render competent care.").

Hawkins concedes that plaintiff has alleged serious medical needs.  ECF No. 28-1 at 4.  Hawkins argues, however, that plaintiff has failed to allege facts showing that he was deliberately indifferent to those needs when he discontinued plaintiff's Gabapentin prescription.  According to Hawkins, plaintiff has not alleged facts, beyond his own opinion, that Gabapentin was medically necessary, that Hawkins knew that discontinuing the drug presented a serious risk of harm to plaintiff, or that he was denied all treatment for his pain.  *Id.* at 5.  Hawkins relies heavily on *McNeil v. Singh*, No. 1:12-cv-01005-RRB, 2013 U.S. Dist. LEXIS 63891, at *21-35 (E.D. Cal. May 3, 2013), in which the court dismissed a plaintiff's claim that his Eighth Amendment rights were violated by the defendant's discontinuation of Gabapentin as alleging a mere difference of opinion.

Plaintiff's complaint here differs significantly from the allegations in *McNeil.*  Plaintiff alleges that four prior doctors and Dr. Rudas had all prescribed Gabapentin to treat his neuropathy pain.  ECF No. 19 at 4.  Only Hawkins refused, and according to plaintiff's allegation, that refusal was in retaliation for plaintiff having made disparaging statements about Hawkins's knowledge of plaintiff's medical conditions.  *Id.*  It can be inferred from this allegation that the discontinuation of Gabapentin occurred sometime after, but proximate in time to the plaintiff's critical comments about Hawkins.  Further, according to the allegations of the complaint, Hawkins discontinued plaintiff's treatment with Gabapentin only a few months after Dr. Rudas had prescribed it.  These allegations permit the inference that Hawkins's opinion that Gabapentin was not necessary contradicted not only plaintiff's opinion but the opinions of five medical doctors and was made in reaction to plaintiff's criticism of Hawkins.

5

Plaintiff further alleges that Hawkins was not competent to treat plaintiff's particular conditions but nevertheless deliberately interfered with the prescription ordered by a doctor who was competent to treat those conditions. *Id.* at 5, 7. And finally, contrary to defendant's claim, plaintiff *does* allege that defendant failed to provide an alternative pain treatment and instead left him in severe pain for "193 days and counting." *Id.* at 5. Plaintiff's allegations that defendant refused treatment for plaintiff's known painful condition suffices to allege that defendant knew plaintiff faced a serious risk of harm when he discontinued the Gabapentin.

In sum, plaintiff has alleged sufficient facts to state a claim that Hawkins was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Hawkins also argues that he is entitled to qualified immunity. Because Hawkins's argument for qualified immunity is premised on his argument that the allegations fail to state a claim for violation of the Constitution, that argument must be rejected for the same reasons.

### III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that defendant's July 28, 2015 motion to dismiss (ECF No. 28) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 29, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE